## SUPREME COURT.

### WILLIAM SEEBACH agt. EDWARD McDONALD.

This court will not interfere by *injunction* or otherwise, to restrain *summary pro-
ceedings* for the recovery of demised premises, where it appears that the same
questions were raised and tried before the justice on such proceedings, and de-
cided by him—no fraud or abuse being shown by the plaintiff.

*New York Special Term, January,* 1860.

BONNEY, J.   The complaint in this action, sworn on 5th
May, 1860, states that on 8th February, 1860, Edward
Cahill, the owner of the house and lot, No. 109 West 42d
street, New York, demised the same to the plaintiff, for one
year from 1st May, 1860; that the plaintiff then was, and·
ever since has been in possession of said premises; that on
1st March, 1860, Cahill demised the same premises for the
term of three years from 1st May, 1860, to the defendant,
who then knew of said prior demise to the plaintiff.   That
on 4th May, 1860, defendant commenced summary proceed-
ings before the Justice of the 5th district for possession of

Seebach agt. McDonald.

said premises. That since said demise to him the plaintiff has expended $300 in repairs on the premises; that the defendant has no right to said premises or to maintain his proceedings, but plaintiff has the right to such possession. And plaintiff prays that defendant be enjoined from prosecuting said summary proceedings, and from interfering with plaintiff's possession of the premises.

On this complaint an order was obtained, requiring defendant to show cause why he should not be enjoined from proceeding to obtain possession of the premises; and, until the hearing and decision of the motion restraining such proceedings.

The defendant, (on showing cause,) by answer, denies that Cahill demised the premises in question to the plaintiff for the year from 1st May, 1860, and that plaintiff was not, on 8th February, 1860, or at any time since has been or is in occupancy of the premises as tenant of Cahill, and generally denies all plaintiff's alleged rights. Defendant further states, as a separate defence that, pursuant to the provisions of the Revised Statutes, he, on 4th May, commenced summary proceedings against the plaintiff and others to recover possession of the premises in question; that the plaintiff appeared and filed an affidavit with said justice, and the matters thus controverted were tried by a jury who rendered verdict in favor of this defendant (McDonald,) on the 4th May, and before the commencement of this action, the said justice issued his warrant to dispossess this plaintiff. Copies of proceedings before the justice are annexed to said answer, from which it appears that this plaintiff set up by way of defence before said justice, the alleged demise of said premises to him by Cahill on 8th February, 1860. The plaintiff has read on this motion two affidavits, tending to prove his allegation, that the premises were demised to him by Cahill, and the defendant has also read affidavits in opposition, the contents of which it is not necessary to state, as they tend to sustain the answer.

Upon the complaint alone, this motion should in my opinion, be decided. If the statements in the complaint are true, the plaintiff had a perfect defence to the proceedings before the justice, and he does not allege that he had not evidence to prove all the facts by him stated. The answer denies, in effect, all the alleged rights and equities of the plaintiff, and is in part sustained by affidavits. It also shows that the question now sought to be litigated was raised and tried in the summary proceedings and decided against the plaintiff, and that a warrant to dispossess the plaintiff was issued before this action was commenced; which facts the plaintiff omitted to state in his complaint. Without reference to the statute prohibiting the staying of summary proceedings by order, (3 *R'. S.,* *5th ed., p.* 839, §47,) I cannot see that any case is here made which authorizes the interposition of this court. It was argued by counsel upon numerous authorities cited, that this court might interfere to prevent or redress fraud in summary proceedings under the statute, or an abuse of such proceedings; but the principle, if sustained, is not applicable to this case, for the reason that neither the complaint nor plaintiff's affidavits show any such fraud or abuse. The motion for an injunction is denied, and the order to show cause is vacated, with ten dollars costs to defendant.